IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
NORTHERN DIVISION

**RICKY DURHAM**                                                              **PETITIONER**

**V.**                                               **CIVIL ACTION NO. 3:21CV235 CWR-LGI**

**WARDEN WALTER VEREEN**                                                      **RESPONDENT**

### REPORT AND RECOMMENDATION
### OF UNITED STATES MAGISTRATE JUDGE

Petitioner filed the instant petition for writ of habeas corpus pursuant to Title 28 U.S.C. § 2241 while incarcerated at the Federal Correctional Complex ("FCC") in Yazoo City, Mississippi. Petitioner seeks to compel the United States Parole Commission to grant an effective parole date or a mandatory parole hearing. Respondent contends the petition should be dismissed as moot because the relief sought has been granted.

The Court takes judicial notice of the Bureau of Prisons website, which reflects that Petitioner was released on August 6, 2021. However, the docket reflects that Petitioner has not provided this Court with a current address since his release from BOP custody and has not communicated with the Court since April 20, 2021. The undersigned recommends that Petitioner's § 2241 petition, which seeks an early release, be dismissed for lack of a case or controversy.

"Under Article III of the Constitution, federal courts may adjudicate only actual, ongoing cases or controversies." *Lewis v. Continental Bank Corp.*, 494 U.S. 472, 477 (1990) (citation omitted). The "case or controversy" requirement subsists throughout the case during all stages, and a case becomes moot if it no longer presents a case or

controversy. *Spencer v. Kemna*, 523 U.S. 1, 7 (1998) (citing *Lewis*, 494 U.S. at 477-78). Generally, any set of circumstances eliminating the controversy after the lawsuit is filed renders the case moot. *Center for Individual Freedom v. Carmouche*, 449 F.3d 655, 661 (5th Cir. 2006). "A case becomes moot 'when the issues presented are no longer live or the parties lack a legally cognizable interest in the outcome.'" *Valentine v. Pearson*, No. 5:10cv160 DCB-JMR, 2011 WL 2680716, at *2 (S.D. Miss. May 11, 2011) (quoting *United States v. Parole Comm'n v. Geraghty*, 445 U.S. 388, 396 (1980)). A petitioner must demonstrate "some concrete and continuing injury other than the now-ended incarceration (or parole)—some 'collateral consequence' of the conviction—if the suit is to be maintained." *Spencer*, 523 U.S. at 7. Thus, "[f]or the courts to exercise jurisdiction over a petitioner no longer in custody, that petitioner must demonstrate both that he was in custody when he filed the petition, and that his subsequent release has not rendered the petition moot." *Zalawadia v. Ashcroft*, 371 F.3d 292, 297 (5th Cir. 2004).

Although Petitioner was in custody when he filed the petition, he has not made the requisite showing since his release from custody, nor has he disputed Respondent's assertion that the relief sought has been granted, rendering his claim moot. Consequently, he has not demonstrated that his petition presents a concrete and continuing injury for this Court to retain jurisdiction.

The instant petition is also subject to dismissal for failure to comply with the Local Rules requirement to maintain a current address with the Court. *See McCullough v. Lynaugh*, 835 F.2d 1126, 1127 (5th Cir. 1988) (explaining that, pursuant to Rule 41 of the Federal Rules of Civil Procedure, a district court possesses inherent authority to dismiss

2

an action for failure to prosecute or for failure to comply with a court order) (citing *Link v. Wabash Railroad Co.*, 370 U.S. 626, 630-31 (1962)). Even if a plaintiff is *pro se*, or incarcerated, he still has an obligation to inform the Court of any address changes. "Every attorney and every litigant proceeding without legal counsel has a continuing obligation to notify the clerk of court of address changes." *See* Local Rule 11(a); *Wade v. Farmers Ins. Group*, 45 F. App'x 323 (5th Cir. 2002) (on appeal from district court's denial of a motion for reconsideration of dismissal for failure to prosecute—even incarcerated litigants must inform the court of address changes).

Given Petitioner's failure to demonstrate a continuing injury since his release, his failure to maintain a current address with the clerk of the court, and the apparent mootness of his claim, the undersigned recommends that the instant petition be dismissed for the reasons stated herein.

## NOTICE OF RIGHT TO APPEAL/OBJECT

Pursuant to Rule 72(a)(3) of the *Local Uniform Civil Rules of the United States District Courts for the Northern District of Mississippi and the Southern District of Mississippi*, any party may serve and file written objections within 14 days after being served with a copy of this Report and Recommendation. Within 7 days of the service of the objection, the opposing party must either serve and file a response or notify the District Judge that he or she does not intend to respond to the objection.

The parties are hereby notified that failure to file timely written objections to the proposed findings, conclusions, and recommendations contained within this report and recommendation shall bar that party from attacking on appeal the unobjected-to proposed

3

factual findings and legal conclusions accepted by the district court, except upon grounds of plain error. 28 U.S.C. § 636, Fed. R. Civ. P. 72(b) (as amended, effective December 1, 2009); *Douglas v. United Services Automobile Association*, 79 F.3d 1415, 1428-29 (5th Cir. 1996).

    Respectfully submitted on September 15, 2022.

                                        s/ LaKeysha Greer Isaac
                                        UNITED STATES MAGISTRATE JUDGE